E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KERRY L. QUINN (Cal. Bar No. 302954)
Assistant United States Attorney
Major Frauds Section
     312 North Spring Street, 11th Floor
     Los Angeles, California 90012
     Telephone: (213) 894-5423
     Facsimile: (213) 894-6269
     E-mail:    Kerry.L.Quinn@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHRAY GOEL, and <br> SHAUNIK RAHEJA, <br><br> Defendants. | No. CR 23-623(A)-WLH <br><br> GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY TRANSCRIPTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA KERRY L. QUINN |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kerry L. Quinn, hereby applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defendants' counsel of record with a copy of grand jury transcripts in this case.

The government makes this application because of defendants' need to conduct an independent investigation and prepare for trial in the event a pre-trial resolution cannot be reached, as well as the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500. This application is based on the attached Memorandum of Points and Authorities and Declaration of Kerry L. Quinn, the files and records

of this case, and such further evidence and argument as may be presented at any hearing on this application.

Dated: June 26, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

　/s/
KERRY L. QUINN

Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part:  "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ."  Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988).  The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted).  The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and

Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979), for the same proposition). In United States Indus., Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965). The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need." Id.

In this instance, the policy considerations requiring secrecy are inapplicable, particularly with respect to witness testimony, because the case has been indicted. See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, disclosure of the grand jury testimony to defense counsel, who have requested such disclosure, would be in the interest of justice and provide defense counsel with information they believe is necessary to conduct their own independent investigation of the case.

For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury transcripts in this case.

**DECLARATION OF KERRY L. QUINN**

I, Kerry L. Quinn, declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California and am assigned to the prosecution of this matter. I make this declaration in support of the government's ex parte application for an order permitting disclosure of grand jury transcripts.

2. I expect that the government may call at trial witnesses who testified before the grand jury during the investigation of this case. Should those witnesses testify, their grand jury testimony would constitute a statement under the Jencks Act, 18 U.S.C. § 3500, which the government is required to provide to the defendant.

3. Defense counsel have also requested additional grand jury transcripts, and in this particular case, the government does not object to such disclosure.

4. I have conferred with counsel for both defendants, and neither party opposes this ex parte filing, and in fact counsel have specifically requested disclosure of grand jury transcripts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 26, 2024.

Kerry L. Quinn